IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01334-GPG

JOSEPH MEDINA,

    Applicant,

v.

LOU ARCHULETA,
THE ATTORNEY GENERAL OF COLORADO,

    Respondents.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

    Applicant, Joseph Medina, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated in Canon City, Colorado. On June 22, 2015, Mr. Medina filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2). On June 24, 2015, the Court denied Mr. Medina's motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to pay the $5.00 filing fee within thirty days of the order if he wished to pursue his claims. (ECF No. 4).

    On August 3, 2015, the Court denied the § 2254 application and dismissed the case without prejudice pursuant to Fed.R.Civ.P. 41(b) for failure to pay the $5.00 filing fee and for failure to prosecute. On August 13, 2015, the Court vacated the Order of Dismissal and Judgment and reinstated the case after learning that Mr. Medina had timely paid the $5.00 filing fee but it was mistakenly not docketed in his case. (ECF No. 8). Mr. Medina's 2254 application challenges his 1996 conviction in El Paso County District Court in case 95CR3977.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate. Respondent, the Attorney General of the State of Colorado, is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and *Denson v. Abbott*, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondent does not intend to raise either of these affirmative defenses, he must notify the Court of that decision in the Pre-Answer Response.

In support of the Pre-Answer Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent, the Attorney General of the State of Colorado, shall file a Pre-Answer Response that complies with this Order and addresses exhaustion, timeliness, and jurisdiction issues. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent, the Attorney General of the State of Colorado, does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, he must notify the Court of that decision in the Pre-Answer Response.

Dated:  August 21, 2015

BY THE COURT:

 s/Gorgon P. Gallagher
United States Magistrate Judge