# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01334-GPG

JOSEPH MEDINA,

    Applicant,

v.

LOU ARCHULETA,
THE ATTORNEY GENERAL OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Joseph Medina, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado. On June 22, 2015, Mr. Medina, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his Colorado conviction and sentence in Denver County District Court case number 95CR3977.

On September 11, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. (ECF No. 10).  Respondents filed their Pre-Answer Response on October 2, 2015 raising both the defenses of timeliness and failure to

exhaust state court remedies. (ECF No. 14). Applicant filed a Reply on October 21, 2015. (ECF No. 15).

The Court must construe the filings by Mr. Medina liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Medina's § 2254 application will be dismissed as time-barred under 28 U.S.C. § 2244(d).

## I. BACKGROUND

Applicant is serving a sentence of life without parole as a result of his conviction for first-degree murder. The judgment of conviction and the sentence were affirmed on direct appeal. *See People v. Medina*, No. 97CA0161 (Colo. App. Dec. 17, 1998) (unpublished) (ECF 14-7). Applicant filed a petition for writ of certiorari with the Colorado Supreme Court (ECF No. 14-6), but it was denied on July 19, 1999 (ECF No. 14-5).

On April 4, 2006, Applicant filed in the trial court a petition for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (ECF No 14-1 at 17). On October 19, 2009, the trial court denied Mr. Medina's postconviction motion. (ECF No. 14-4). The Colorado Court of Appeals affirmed the trial court's order denying postconviction relief. *See People v. Medina*, No. 09CA2424 (Colo. App. Aug. 16, 2012) (unpublished) (ECF No. 14-2). Mr. Medina did not seek certiorari review in the Colorado Supreme Court.

The instant action commenced on June 22, 2015.  Mr. Medina asserts the following four claims for relief in his Application:

1. Mr. Medina was denied a fair trial because one of the jurors knew the victim.

2. The trial court allowed testimony of gang membership as evidence to the jury in violation of due process.

3. Mr. Medina was denied his right to effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendment.

4. Mr. Medina was denied his right to effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendment.

(ECF No. 1 at 5-7).

## II.  ONE-YEAR LIMITATION PERIOD

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A judgment becomes final for purposes of the one-year limitation, after the United States Supreme Court has denied review of a decision by the state court of last resort, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

In this case, Applicant did not file a writ of certiorari with the United States Supreme Court. Therefore, the judgment became final for purposes of the habeas one-year limitation period "after the time of filing a petition for certiorari with the Supreme Court has passed." *Id.* Mr. Medina's deadline for submitting a petition for certiorari with the United States Supreme Court was 90 days after the July 19, 1999 Colorado Supreme Court judgment, which was October 18, 1999. Accordingly, the one-year limitation period for filing a federal habeas petition began to run on October 18, 1999.

The limitation period ran for 365 days until October 18, 2000, when it expired. Therefore, the instant application, filed on June 22, 2015 appears to be time-barred.

### III. STATUTORY TOLLING

Applicant argues tolling is appropriate in this case because he pursued his rights diligently by filing postconviction motions. Pursuant to 28 U.S.C. § 2244(d)(2), a

4

properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. Tolling pursuant to § 2244(d)(2) is considered "statutory" tolling.

In his Application, Mr. Medina stated his postconviction motion was filed on April 4, 2006, (ECF No. 1 at 4). However, in his Reply, Mr. Medina alleges he filed his first postconviction relief motion pursuant to Rule 35(c) *pro se* on July 2, 2003. (ECF No. 15 at 6-7). He states that he then filed another postconviction relief motion through counsel on April 4, 2006. (*Id.* at 7). A review of Mr. Medina's state trial court docket demonstrates that there was a motion for postconviction relief filed on June, 2, 2003 (not July 2, 2003 as stated by Mr. Medina). (ECF No. 14-1 at 17). However, when the postconviction relief motion was filed on June 2, 2003, the one-year time limitation for habeas relief had already expired on October 18, 2000, which was 957 days before. Therefore, the one-year time limitation could not be tolled for any of the postconviction motions because by the time they were filed the limitation period had already expired.

## IV. EQUITABLE TOLLING

Applicant argues that the one-year limitation period should be equitably tolled. The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (internal quotation marks omitted; *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect

is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978.  The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008)(quoting *Miller*, 141 F.3d at 978).  Mr. Medina bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

### A.  Actual Innocence

Applicant argues he is entitled to equitable tolling because he is innocent and, therefore, if the Court fails to consider his claims, there will be a "fundamental miscarriage of justice." (ECF No. 15 at 7).  In support of this, he provides the following lengthy and detailed narrative regarding his innocence:

> A. The alleged weapon used in the crime was not found in the Petitioner's possession, but was recovered from the Body of Water where the brother of one of the States Key Witnesses brother stated that he threw it.  Said it was given to him by his brother.
>
> B. That Petitioner's clothes from the night of the murder did not match the description of what independent witnesses had testified to observing out of their window.  One of the returnees stated, "I got him, I know I shot him." Petitioner never returned to the apartment building.  However, two of the people who did testify against Petitioner did return to the apartment building both wearing the exact clothing that the witnesses testified to seeing the suspect wearing.  They also testified that they had returned to the apartment building, and they testified that the Petitioner did not return to the apartment building.  There was a Third Independent Witness description, this description also did not match the Petitioner.
>
> C. That gun powder residue tests were conducted on the Petitioner, The tests revealed that there was no gun powder residue found either on Petitioner's hands, arms or clothing.  The bullet casings were examined for fingerprints and DNA evidence, and no fingerprints or DNA evidence was found that matched the Petitioner.  The gun allegedly used in the crime was also examined and again, no fingerprints or DNA evidence was found that matched the Petitioner.

6

  D. The prosecution did not present any evidence that was found at the crime scene that indicated that Petitioner committed this murder. The only evidence was a few people stating that the Petitioner committed the crime, and these people had cause to commit the murder themselves.

(ECF No. 15 at 9-10).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin v. Perkins*, — U.S. — ,133 S. Ct. 1924 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* at *1928. To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at *1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at *1936.

In this case, Applicant provides no specific details as to why or how any of the evidence (or lack of evidence) he cites qualifies as "new" reliable evidence under the *Schlup* standard; and nothing in *Schlup* suggests that Applicant is entitled to perform evidence gathering as part of a habeas action to obtain new reliable evidence so that he

7

may proceed based on actual innocence.  Applicant's arguments fall far short of the showing that is necessary to support a credible claim of actual innocence under *Schlup*.  Therefore, Applicant's request for equitable tolling based on an actual innocence claim is rejected.

### B. Ineffective Assistance of Trial and Post-Conviction Counsel

Next, Applicant argues that because his trial and post-conviction counsel provided ineffective assistance of counsel, the limitation period should be equitably tolled.  In some circumstances, counsel's failure to communicate with a habeas client and an affirmative misrepresentation may constitute extraordinary circumstances to justify equitable tolling of the habeas limitation period. *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (citing *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)).  While attorney negligence can provide the necessary "extraordinary circumstance," it cannot be a "garden variety claim of excusable neglect." *Holland*, 560 U.S. at 651-52.

According to Mr. Medina, his appellate counsel informed him that there was "no deadline to file in federal court due to his sentence of life without parole." (ECF No. 15 at 14).  This alleged serious misrepresentation is concerning.  However, upon review of the record, it appears the attorney stated to Mr. Medina in a letter, "Since you are already beyond the time bar to file the federal writ, there is no deadline, but my advice to you is to file it as quickly as possible." (ECF No. 15 at 20-21).  The letter was dated September 29, 2012, well after the habeas deadline expired.  Mr. Medina's attempt to portray his counsel's statement of "no deadline" as a misrepresentation is frowned upon by the Court.  He took the "no deadline" statement out of context in an apparent attempt

to mislead the Court, when the letter from his Counsel clearly informed Mr. Medina that he was "already beyond the time bar to file the federal writ." Further, even if there had been a misrepresentation by his counsel, it occurred *after* the habeas deadline had already expired. In such a case, the misrepresentation would not amount to an "extraordinary circumstance" for purposes of equitable tolling.

Finally, even if Mr. Medina could demonstrate an "extraordinary circumstance," he must also demonstrate that he pursued his claims diligently. Mr. Medina provides no allegations whatsoever, beyond the fact that he filed motions for postconviction relief well after the limitations period expired, of "the steps he took to diligently pursue his federal claims." *Holland*, 560 U.S. at 649. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008))(quotation marks and citations omitted).

The Court in *Holland* described various examples of the petitioner's actions that sufficed to demonstrate reasonable diligence of pursuing his claims: (1) he wrote numerous letters seeking crucial information and providing direction; (2) he repeatedly contacted the state courts, their clerks, and the Florida State Bar Association to have his attorney removed from his case; and (3) the day the petition discovered the time limitation had run under § 2244(d) he promptly filed a habeas petition with the district court. *Id.* Additionally, the petitioner in *Holland* even provided his attorney the rules applicable to the proper filing date of the federal habeas petition. *Id.*

Unlike the petitioner in *Holland*, Mr. Medina makes no specific factual allegations of how he attempted to diligently pursue his claims before the deadline expired.

Therefore, Mr. Medina is not entitled to equitable tolling based on his allegations of ineffective assistance of counsel.

## IV. CONCLUSION

Based on the above findings, the Court will deny the Application and dismiss the action as time barred from federal habeas review. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Medina has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct.

DATED at Denver, Colorado, this   9th   day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court